FILED

2003 DEC 15 A 9:40

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA COSENTINO, ET AL, | : | 301CV2129 (AVC) |
| Plaintiffs, | : | |
| v. | : | |
| PITNEY BOWES, INC. and | : | CONSOLIDATED CASES |
| IMAGISTICS INTERNATIONAL, INC., | : | |
| Defendants. | : | |
| | : | December 12, 2003 |

### CONSENT MOTION TO EXTENSION TIME

Plaintiffs move pursuant to Local Civ. R. 9(b)(2) to extend of time to reply to Defendant's motion for summary judgment, dated Aug. 4, 2003, until Jan. 16, 2004 and represent:

1. Counsel for Defendants was contacted on Dec. 11, 2003, and consents to the extension. See affidavit of William B. Barnes, attached.

2. These consolidated five plaintiffs, two defendant Title VII actions are based upon several theories of discrimination and retaliation and arise out of many different incidents, involving different Plaintiffs and employees of Defendants, which took place over several years. The facts are complex and hotly contested.

3.  To resist Defendant's motion for summary judgment, Plaintiffs must produce sufficient evidence from which a reasonable jury could return verdicts in their favor. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 25205, 91 L.Ed.2d 202 (1986). Nonmovants may not rely on conclusory allegations or unsubstantiated speculation. Scott v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). The court is under no obligation to perform an independent review of the record to find factual disputes. Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002). The nonmovants must search the record and provide references to it in their Local R. 56(a)2 statement. Local R. 56(a)2; Amnesty America, 288 F.3d at 470.

4.  The memorandum in support of defendants' summary judgment motion has 34 pages and is accompanied by 436 pages of affidavits and other exhibits. This is not the entire record. There are, by counsel's count, 1817 pages of deposition transcripts as well as several thousand pages of other transcript and documents.

5.  The undersigned has already spent many hours searching the record and meeting with Plaintiffs to prepare the memorandum, Rule 56(a)2 statement and exhibits. The memorandum and Rule

56(a)2 are in draft, but due to the press of business, the holidays and other circumstances set forth in counsel's affidavit, Plaintiffs will not be able to respond to Defendants' motion for summary judgment by Dec. 12, 2003. Plaintiffs will need until Jan. 16, 2004.

6.   This is the fifth extension sought by Plaintiffs to reply to the motion for summary judgment.

WHEREFORE, for all of the accompanying reasons, and those set forth in the accompanying affidavit, Plaintiffs respectfully moves on consent for an order granting them until Jan. 16, 2004 to file their opposition to Defendant's motion for summary judgment.

>THE PLAINTIFFS
>DEBRA COSENTINO, ET AL
>
>By: /s/ Barnes
>    WILLIAM B. BARNES, ESQ.
>        (CT00268)
>    Rosenstein & Barnes
>    P.O. Box 687
>    1100 Kings Hwy. East,
>    Fairfield, CT 06824
>    (203) 367-7922
>    E-Mail wbarnes@rosenbar.com

**CERTIFICATION**

A copy of the foregoing was faxed and mailed to the following persons on December 12, 2003:

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic St.,
P.O. Box 110325
Stamford, CT 06911-0325

*[signature]*
_____
WILLIAM B. BARNES, ESQ.