UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA COSENTINO, et al., | X : | MASTER CAPTION |
| | : | CASE NO. 3:01CV2129 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PITNEY BOWES INC, and IMAGISTICS INTERNATIONAL, INC., | : : | APRIL 7, 2004 |
| | : | |
| Defendants. | : X | |

## DEFENDANTS' MOTION FOR RECONSIDERATION

Pursuant to D. Conn. L. Civ. R. 7(c), defendants Pitney Bowes Inc. ("PB") and Imagistics International Inc. ("Imagistics") (collectively "defendants") respectfully move for reconsideration of the Court's Endorsement Order, dated March 25, 2004, denying their motion for summary judgment in the above-captioned case. Defendants submit that the Court has overlooked, and thus failed to consider, an aspect of the law presented by defendants which, if left unredressed, would result in clear error or cause manifest injustice.

For this reason, as articulated more fully in the accompanying memorandum of law, defendants urge the Court to grant their motion for reconsideration, enter summary judgment in defendants' favor, and dismiss plaintiffs' complaints in their entirety, with prejudice.

**ORAL ARGUMENT REQUESTED**

Respectfully submitted,

DEFENDANTS
PITNEY BOWES INC. and
IMAGISTICS INTERNATIONAL INC.

_____
Lawrence Peikes (ct07913)
Wiggin and Dana LLP
Their Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(203) 363-7600
(203) 363-7676 (fax)
lpeikes@wiggin.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendants' Motion for Reconsideration was served by first-class U.S. mail, postage prepaid, on this 7th day of April, 2004, on:

>William B. Barnes, Esq.
>Rosenstein & Barnes
>1100 Kings Hwy. East
>Fairfield, CT  06432

_____
Lawrence Peikes

\15058\410\85419.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DEBRA COSENTINO, et al., | X : | MASTER CAPTION |
|  | : | CASE NO. 3:01CV2129 (AVC) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| PITNEY BOWES INC, and IMAGISTICS INTERNATIONAL, INC., | : : | APRIL 7, 2004 |
|  | : |  |
| Defendants. | : |  |
|  | X |  |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Pitney Bowes Inc. ("PB") and Imagistics International Inc. ("Imagistics") (collectively "defendants") seek reconsideration of the Court's Endorsement Order, dated March 25, 2004, denying their motion for summary judgment in the above-captioned case. The motion was extensively briefed by the parties and fully submitted on March 11, 2004, with the filing of defendants' reply memorandum of law. Two weeks later the Court denied the motion with a terse explanation in the margin: "Having reviewed the submissions of counsel, the court concludes that the plaintiffs have raised a genuine issue of material fact. The motion for summary judgment is therefore DENIED." Defendants respectfully submit that the result reached by the Court cannot be squared with the governing legal precepts.

Admittedly, "[t]he standard for granting a motion for reconsideration is strict." ACEquip Ltd. v. Am. Eng'g Corp., 218 F.R.D. 364, 365 (D. Conn. 2003). "The Second Circuit has stated that reconsideration is appropriate only under certain conditions: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice." Lorenzetti v. Jolles, 120 F. Supp. 2d 181, 184 (D. Conn. 2000)(Citation omitted).

1

"Thus, the movant must demonstrate that newly discovered facts exist that require reconsideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the defendant which, if left unredressed, would result in clear error or cause manifest injustice." Bristol Technology, Inc. v. Microsoft Corp., 127 F. Supp. 2d 61, 62-63 (D. Conn. 2000)(Citation omitted). Defendants' motion traverses the "manifest injustice" avenue for reconsideration.

The absence of a memorandum of decision explaining the rationale for the Court's denial of defendants' summary judgment motion makes it inherently difficult to pinpoint the precise "aspect of the law" that the Court "failed to consider." While the Court is not obligated to issue a written opinion, the Second Circuit has observed that it is "dependent on the district court to identify and sort out the issues on [summary judgment] motions, to examine and analyze them, and to apply the law to the facts accepted by the court for purposes of the motion." Beckford v. Portuondo, 234 F.3d 128, 130 (2d Cir. 2000)(remanding case dismissed on summary judgment "to the district court for further consideration and a complete and comprehensive decision.").

The Second Circuit has therefore admonished that: "Whether the district court's ultimate decision turns on factual determinations or on a choice between competing legal principles or on the manner in which the legal principles are applied to the facts, the district court must provide an indication of its rationale that is sufficient to permit meaningful appellate review." Rudenko v. Costello, 286 F.3d 51, 65 (2d Cir. 2002). "Moreover, specification by the district court of its findings of fact and conclusions of law informs the losing litigant of the reason for that court's ruling and of the principal questions that he must address if he appeals." Miranda v. Bennett,

2

322 F.3d 171, 176 (2d Cir. 2003)(Citation omitted).[1]

Although the Court did not "provide an indication of its rationale" for denying summary judgment in the matter *sub judice,* defendants respectfully submit that a careful analysis of the record, coupled with an assiduous application of the controlling case law, leads inescapably to the conclusion that plaintiffs have failed to adduce evidence sufficient to establish one or more elements of their claims for sexual harassment and negligent supervision. The following salient legal principles were seemingly overlooked, or misapplied, by the Court:

1. **The Requirement that the Alleged Harassment be "Severe or Pervasive"**

Plaintiffs simply cannot meet their stiff burden of proving the fundamental "severe or pervasive" element of their claims for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and its state law analogue.

"A recurring point in [U.S. Supreme Court] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998)(Citation omitted). Notably, the U.S. Supreme Court has emphasized that "[t]hese standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.' Properly applied, they will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Id. at 788, 118 S. Ct. at 2283-84 (Citations omitted).

---

[1] Although "the denial of a Rule 56 motion is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits[,] ... [a]t that time, the party who unsuccessfully sought summary judgment may argue that the trial court's denial of the Rule 56 motion was erroneous." Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2715, at pp. 264-66 (1998)(Footnotes omitted).

3

Plaintiffs' claims are based almost exclusively on allegations charging Mr. Simpson with "the sporadic use of abusive language, gender-related jokes, and occasional teasing," precisely the sort of conduct <u>Faragher</u> teaches falls outside the protective sphere of Title VII. The only other form of alleged harassment at issue are a pair of incidents of momentary touching that courts in this Circuit and elsewhere have repeatedly found insufficient to satisfy the demanding "severe or pervasive" standard of proof. (Defs' Mem. at pp. 20-25; Defs' Reply Mem. at pp. 1-4). See also <u>Mattson v. Caterpillar, Inc.</u>, 359 F.3d 885, 889 (7th Cir. 2004)("It is clear Mattson was not sexually harassed when Cone's breast allegedly brushed against his arm on a single occasion or when Cone reached around Mattson without touching him.")(Citations omitted). These isolated instances of incidental contact, moreover, involved but two of the five plaintiffs; the other three plaintiffs cite no examples of anything but non-actionable supervisory mistreatment.

This distinction segues into our next point -- the plaintiffs' allegations appear to have been analyzed collectively without regard to their individual circumstances. Actionable sexual harassment, however, cannot be based on actions targeted at others and occurring outside an individual plaintiff's presence, particularly if it is learned of after the fact. <u>Leibovitz v. New York City Transit Authority</u>, 252 F.3d 179, 190 (2d Cir. 2001); <u>cf. Hayut v. State University of New York</u>, 352 F.3d 733, 746-47 (2d Cir. 2003)("Professor Young's speaking of Hayut when she was not there can, of course, be relevant evidence in a discrimination claim.")(Citation omitted). Viewed independently, none of the plaintiffs' claims can possibly pass the "severe or pervasive" test.

Ms. Cosentino identifies no incidents of harassment directed at her, and instead bases her claim exclusively on Mr. Simpson's alleged angry outburst on August 30, 2000, directed at Ms.

Cifatte, and occasional instances of fist pounding that Ms. Cosentino admits occurred in the presence of Mr. Schneider and, in any event, were not terribly disconcerting to her. (Defs' Mem. at pp. 5-7). Ms. Benton complains of the same incident involving Ms. Cifatte, as well as isolated non-sexual sarcastic remarks by Mr. Simpson, periodic commission disputes, and warnings, of no tangible consequence, regarding attitudinal problems or performance deficiencies. (Defs' Mem. at pp. 8-9). Ms. Buonincontra relies on an alleged display of anger by Mr. Simpson that she admittedly incited, and occasional fits of pique borne of frustration over plaintiffs' lack of productivity. (Defs' Mem. at pp. 9-12). Ms. Cifatte's claim basically mirrors that of Ms. Benton, except she was the subject of Mr. Simpson's alleged outburst on August 30, 2000, and accuses Mr. Simpson of making momentary contact with her finger. (Defs' Mem. at pp. 12-15). Finally, Ms. Moore cites one facially androgynous remark by Mr. Simpson about "straddling the fence," an incident of brief physical contact with Mr. Simpson that she surmises, but cannot prove, may have been intentional, and Mr. Simpson's alleged mistreatment of her co-plaintiffs. (Defs' Mem. at pp. 15-17).

In order to deny summary judgment on this record, the Court would need to apply a dramatically watered down version of the "severe or pervasive" standard established by the U.S. Supreme Court, and improperly aggregate plaintiffs' claims without regard to the specific incidents of alleged "harassment" targeted at, or observed by, each plaintiff individually. Properly broken down into their component parts, each individual plaintiff complains of nothing remotely resembling "severe or pervasive" sexual harassment.

2.      **The Requirement that the Alleged Harassment be "Based on Sex"**

The touchstone of any hostile work environment claim under Title VII is "that the harassing conduct occurred because of [plaintiffs'] sex." Lyon v. Jones, 260 F. Supp. 2d 507,

5

512 (D. Conn. 2003)(citing Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002)), aff'd mem., 2004 WL 628879 (2d Cir. March 31, 2004). As discussed extensively in the briefs filed by defendants in support of their motion for summary judgment, there is a glaring absence of *admissible* evidence from which a legitimate inference can be drawn that Mr. Simpson's alleged mistreatment of plaintiffs was gender-based. (Defs' Mem. at pp. 25-31; Defs' Reply Mem. at pp. 4-8).

Plaintiffs' sexual harassment claims rest entirely on speculation that Mr. Simpson's gender-neutral criticisms, offensive remarks, and angry outbursts were rooted in sex-based animus because -- and only because -- they were directed at women; supposition that isolated instances of fleeting physical contact with Ms. Cifatte, once or twice, and Ms. Moore, once -- unaccompanied by any indicia of predatory intent -- must have been driven by sexual desire; and, the leap of faith that a gender gap was necessarily the force behind their commission disputes and other work-related disagreements with Mr. Simpson -- why? apparently, because they can come up with no other explanation for Mr. Simpson's unwillingness to simply capitulate and concede the correctness of plaintiffs' positions as to any particular contested item.

While plaintiffs hypothesize that Mr. Simpson's alleged actions were the product of disdain for them as women, as opposed to disdain for them as poor performers and constant complainers, the summary judgment record does not substantiate the premise. "Plaintiffs['] allegations, generously construed, are little more than conclusory statements of no probative value" that cannot raise a genuine issue as to whether Mr. Simpson's actions were motivated by anti-female animus. Rose v. Panolam Industries Int'l Inc., 301 F. Supp. 2d 239, 244 (D. Conn. 2004)(dismissing race discrimination claim on summary judgment for absence of evidence suggesting the presence of an impermissible motive). See also Grey v. City of Norwalk Bd. of

Education, __ F. Supp. 2d __, 2004 WL 231171, at *10 (D. Conn. Feb. 4, 2004)(granting summary judgment as to sexual harassment claim where plaintiff's vague evidence of disparate treatment was "insufficient support for her case to go to the jury on sex discrimination.").

### 3. Negligent Supervision -- The Requirement of "Negligence"

It is undisputed that the lone complaint registered by plaintiffs even remotely hinting at harassment on the part of Mr. Simpson was fully investigated in accordance with defendants' zero tolerance anti-harassment policy and disciplinary action was taken. (Defs' Mem. at pp. 4-5). As a matter of law, therefore, defendants were not negligent. The record permits of no other conclusion. (Defs' Reply Mem. at pp. 8-10). See also Wyninger v. New Venture Gear, Inc., __ F.3d __, 2004 WL 541168, at *7 (7th Cir. March 19, 2004)(in addressing complaint of co-worker harassment, employer "satisfied its obligation to maintain a harassment-free work environment under Title VII" even though it failed to take the kind of remedial steps it is undisputed defendants initiated in the matter *sub judice*, namely, "remind[ing] its employees of the company's written sexual harassment policy, offer[ing] [employees] an alternative to dealing directly with [their manager], and order[ing] the [accused harasser] to offer an apology to [plaintiff] for causing her grief.").

\* \* \* \* \* \* \* \*

For the foregoing reasons, defendants respectfully request that the Court grant the instant motion for reconsideration, enter summary judgment in defendants' favor, and dismiss plaintiffs' complaints in their entirety, with prejudice.

Respectfully submitted,

DEFENDANTS
PITNEY BOWES INC. and
IMAGISTICS INTERNATIONAL INC.

_____
Lawrence Peikes (ct07913)
Wiggin and Dana LLP
Their Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(203) 363-7600
(203) 363-7676 (fax)
lpeikes@wiggin.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law in Support of Defendants' Motion for Reconsideration was served by first-class U.S. mail, postage prepaid, on this 7th day of April, 2004, on:

> William B. Barnes, Esq.
> Rosenstein & Barnes
> 1100 Kings Hwy. East
> Fairfield, CT  06432

_____
Lawrence Peikes

\15058\410\85308.1