57

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| DEBRA COSENTINO, et al., | X | MASTER CAPTION |
|  | : |  |
|  | : | CASE NO. 3:01CV2129 (AVC) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| PITNEY BOWES INC, and IMAGISTICS INTERNATIONAL, INC., | : |  |
|  | : | APRIL 7, 2004 |
|  | : |  |
| Defendants. | : |  |
|  | X |  |

3:01cv2129 (AVC). July 14, 2004. This is an action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 ("Title VII"), Conn. Gen. Stat. § 46a-60 et seq., and common law precepts concerning negligent supervision. The plaintiffs, Debra Cosentino, Geraldine Benton, Patricia Buonincontra, Kim Cifatte, and Donna Moore, allege that their former employer, Pitney Bowes, Inc., subjected them to a gender hostile working environment and negligently failed to prevent their supervisor, one Gary Simpson, from creating a gender hostile working environment and causing them extreme emotional distress. On March 25, 2004, the court denied the defendants' motion for summary judgment, concluding that the plaintiffs had raised a genuine issue of material fact. On April 8, 2004, the defendants filed the within motion for reconsideration, arguing that "the result reached by the court cannot be squared with the governing legal precepts" as "[t]he episodic outbursts and fits of pique complained of by plaintiffs can be linked to gender only by sheer speculation, and in any event plainly lack the degree of frequency and severity to serve as a predicate for a viable claim of sexual harassment." The motion for reconsideration is GRANTED. The relief requested, however, is DENIED, as the court cannot agree that, viewing the totality of the circumstances here, the incidents fail to rise to a frequency and degree sufficient to require a jury trial. In particular, the record reflects, among other things, an employment environment rich in foul language and intimidation where a male supervisor: (1) treats female subordinates differently than their male counterpart; (2) screams and pounds his fists during meetings; (3) physically restrains a female subordinate; (4) speaks of divided loyalty as "straddling a fence" with the admonition that such activity will cause soreness requiring a hot bath; and (5) utters other remarks to the effect that women are cancer, are incapable of doing anything right, and make him sick. For these reasons, the court's order denying the defendants' motion for summary judgment remains undisturbed.

SO ORDERED.

Alfred V. Covello, U.S.D.J.