UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**DEBRA COSENTINO, et al.,**
       -Plaintiffs


       -v-                                          CIVIL 3:01 CV 2129(AVC)

**PITNEY BOWES, INC., et al.,**
       -Defendants


<u>MEMORANDUM AND ORDER</u>

This case has four companion cases which should be, if they have not already been, consolidated for trial. The cases have withstood summary judgment and trial is fast approaching. In light of this, Judge Covello referred these cases to the undersigned to conduct a settlement conference, and a conference was scheduled for February 18, 2005.[1] The order setting this conference specifically directed that the conference be attended by a person or persons with authority to settle, including insurance carriers. It also cited <u>Nick v. Morgan's Food, Inc</u>., 99 F.Supp.2d 1056, 1060-1062 (E.D. Mo. 2000), which explains why settlement conferences must be

---

[1] Settlement conferences are normally booked months in advance, but because of the imminence of trial, Judge Covello wanted a conference to be held as soon as possible. Accordingly, the undersigned altered his schedule so that this settlement conference could be held on February 18, 2004. The defendants had over a month's notice of the conference.

attended by persons who genuinely have sufficient authority to settle a case even where, as here, the plaintiffs' initial demand may well be over-inflated.

Despite this, the defendant dispatched to the conference Ms. Dawn Stevens, a person from its human resources department with a strict $50,000 limit in settlement authority for all five cases including attorneys' fees. The reason for such strictly circumscribed authority, the court was told, is that the defendants think the five cases are frivolous, and that the defendants have "little interest" in settling them. Indeed, the defendants say they want a trial.[2] That is why they sent to the conference an individual whose authority was designed to scuttle settlement talks. Of course, what defendants should have done, as they

---

[2] Apparently, defendants are anxious to air the facts because they think they are favorable to them. The trial judge did not seem to think so, however. Here, the five female plaintiffs allege that defendants created a hostile work environment by, in effect, permitting their supervisor, Gary Simpson, to demean and intimidate them. In his ruling denying reconsideration of his rejection of Pitney Bowes's motion for summary judgment, Judge Covello wrote:
> The record reflects, among other things, an employment environment rich in foul language and intimidation where a male supervisor: (1) treats female subordinates differently [than their male] counterpart[s]; (2) screams and pounds his fists during meetings; (3) physically restrains a female subordinate; (4) speaks of divided loyalty as "straddling a fence" with the admonition that such activity will cause soreness requiring a hot bath; and (5) utters other remarks to the effect that women are a cancer, are incapable of doing anything right, and make him sick.

undoubtedly knew, was send a representative who was fully *empowered* to settle at a figure exceeding plaintiffs' demand. Instead, because they felt plaintiffs' demand was unreasonably high, defendants chose to torpedo negotiations by sending a representative with an unreasonable limitation on her authority.

The court was informed that the people with authority to settle in excess of $50,000 were Ms. Tina Allen and Mr. Mark Flynn, the latter of whom is Pitney Bowes's General Counsel. They were too busy to attend the conference, and chose instead to be in Phoenix on more important business. No one contacted the court for a postponement of the conference so that Allen and Flynn could attend.

The court cannot force a party to settle a case. Whether a party actually settles a case is up to that party. But a party is not free to sabotage a settlement conference by dispatching to conference a person whose authority is so low that it virtually foredooms negotiations before they begin. Conferences, if they are to be effective, must be attended by individuals who--completely separate and apart from their willingness to settle--have the power to settle a case for the full extent of the demand. In-house counsel usually know this and normally welcome the opportunity for a meaningful settlement conference before a judge, not just as a way to avoid astronomical litigation costs and eliminate exposure,

but as a device by which the court can impress on plaintiffs the shortcomings of their claims. Corporate defendants also normally avoid insulting the court's processes and engaging in behavior that plaintiffs can point to as yet further "evidence" of an arrogant corporate culture.

Despite the defendants' actions, which thus far have not created a favorable impression of Pitney Bowes and Imagistics International, the court has scheduled another conference for April 22, 2005 at 10:00 a.m.

IT IS ORDERED THAT this conference will be attended by Stevens, Allen, and Flynn.

IT IS FURTHER ORDERED THAT the defendants will immediately provide notice to the defendants' insurance carrier and shall direct that insurance carrier to send to the settlement conference a duly-empowered representative with authority to settle in the event defendants' $250,000 deductible is exhausted.

Dated at Hartford, Connecticut, this _____ day of February, 2005.

_____
Thomas P. Smith
United States Magistrate Judge