FILED

2005 APR -5  A 10: 24

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA COSENTINO | : | D.N. 3:01CV2129(AVC) |
| v. | : | |
| PITNEY BOWES, INC. | : | DEC. 22, 2004 |

### MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiff Debra Cosentino respectfully submits this memorandum in support of her motion to consolidate the five related cases, not merely for discovery purposes, but also for trial.

> Rule 42(a) of the Federal Rules of Civil Procedure provides:
>
> (a) -- CONSOLIDATION. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The standard is expansive. 8 James W. M. Moore, <u>Federal Practice and Procedure: Civil</u> ¶ 42.10 [1] (2004 CD-ROM ed.) (hereinafter "<u>Moore</u>"). Common questions of law and fact do not have to predominate. It is enough that they are present and that consolidation will prove beneficial. <u>Saudi Basic Indus. Corp. v.</u>

ExxonMobil Corp., 194 F. Supp. 2d 378, 416 (D.N.J. 2002) (citing Moore).

In balancing the interests to determine whether or not to consolidate, the Second Circuit considered the following:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993).

Consolidation of the five actions before the court on its fact appears appropriate. The five actions involve common questions of law and fact. The legal claims are identical: hostile environment sexual harassment and negligent failure to supervise, and the legal defenses are identical. The factual claims are very near identical. Plaintiffs are female employees of Defendant Pitney Bowes who worked in a small office, the ECO Department, during a short time period. The Plaintiffs sold fax cartridges to customers of Pitney Bowes over the telephone. For most of the time at issue Plaintiffs Benton, Buonincontra, Cifatte and Cosentino reported directly to Gary Simpson, the manager in charge of the ECO Room. Plaintiffs allege that Mr.

Simpson created the hostile environment. After Plaintiff Cosentino resigned Defendant Pitney Bowes hired the remaining Plaintiff, Donna Moore, to supervise Plaintiffs Benton, Buonincontra and Cifatte. Plaintiff Moore reported directly to Mr. Simpson. Plaintiffs allege that Mr. Simpson mistreated Plaintiff Moore and forced her to mistreat the other Plaintiffs. Finally, the factual basis of the defenses is the same in each of the five cases. Defendants maintain that every Plaintiff, and every witness which supports the Plaintiffs' claims, is lying.

Consolidation is also indicated by the <u>Malcolm</u> balancing test. There are no specific risks of prejudice and possible confusion. Any general risks of prejudice and possible confusion can readily be handled by instructions and jury interrogatories which ask the jury to separately consider the case of each Plaintiff.

The case for consolidation, on the other hand, is very strong. There is a high risk of inconsistent adjudications of common factual and legal issues in five separate trials. Five trials would also impose a substantial burden on the parties, the witnesses, and the court. The same witnesses would, without exception, testify in each of the five cases. The exhibits would

be the same in each case. The legal issues would, with one minor exception, be the same in each of the five cases.[1] The jury charges and interrogatories would be almost identical in each case. Consolidated, the cases could be tried in five or six trial days. Separate trials could consume twenty-five or thirty trial days -- an expensive, wearying month.

For all of the foregoing reasons Plaintiff Geraldine Benton respectfully moves for an order consolidating these five cases for trial as well as for discovery.

                                THE PLAINTIFF
                                DEBRA COSENTINO


                          By: /s/ W Barnes
                                WILLIAM B. BARNES, ESQ.
                                   (CT00268)
                                Rosenstein & Barnes
                                P.O. Box 687
                                1100 Kings Hwy. East,
                                Fairfield, CT 06432
                                (203) 367-7922

---

[1] Plaintiff Cosentino has a claim under Title VII, not the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-51, et seq., because she filed her charge of discrimination more than 180 days but fewer than 300 days after she left the company.

**CERTIFICATION**

A copy of the foregoing was faxed and mailed to the following persons on Dec. 22, 2004:

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic St.,
P.O. Box 110325
Stamford, CT 06911-0325

_____
WILLIAM B. BARNES, ESQ.