UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA COSENTINO, et al., | X : | MASTER CAPTION |
| | : | CASE NO. 3:01CV2129 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PITNEY BOWES INC, and IMAGISTICS INTERNATIONAL, INC., | : : | JUNE 20, 2005 |
| | : | |
| Defendants. | : X | |

## **DEFENDANTS' MODIFIED REQUEST TO CHARGE**

Pursuant to Fed. R. Civ. P. 51, and the Pre-Trial Order entered by the Court on March 29, 2004, defendants Pitney Bowes Inc. and Imagistics International Inc. respectfully request that the jury in the above-captioned matter be charged as to the substantive law in accordance with the instructions appended hereto.

Respectfully submitted,

DEFENDANTS,
PITNEY BOWES INC. and
IMAGISTICS INTERNATIONAL INC.

_____
Lawrence Peikes (ct07913)
lpeikes@wiggin.com
Wiggin and Dana LLP
Their Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

## HOSTILE ENVIRONMENT – ELEMENTS OF PROOF

In this case, plaintiffs Debra Cosentino, Geraldine Benton, Patricia Buonincontra, Kim Cifatte, and Donna Moore claim they were subjected to sex-based harassment by their former manager, Gary Simpson, in violation of Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act (the FEPA). Although plaintiffs' cases have been consolidated as a matter of efficiency, their claims are independent of each other and must be considered as such. Therefore, if you find for one of the plaintiffs that does not necessarily mean you must find for all of the plaintiffs.

Generally speaking, Title VII and the FEPA prohibit an employer from discriminating against an employee on the basis of his or her gender. Neither Title VII nor the FEPA, however, is designed to regulate ordinary conflicts arising in the workplace or instances of mistreatment or abuse based on personality conflicts or other reasons not related to gender. Miserable working conditions do not, in and of themselves, violate Title VII or the FEPA.

To prevail on their sexual harassment claims each individual plaintiff must demonstrate by a preponderance of the evidence that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and create a hostile or abusive work environment. Proving such a claim involves showing both objective and subjective elements: the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the alleged victim must also subjectively perceive that environment to be abusive.

In determining whether a work environment is "hostile" or "abusive" you must look at all of the circumstances, including:

- The frequency of the offensive conduct;

- Whether the conduct was physically threatening or humiliating as opposed to an offensive utterance;
- The severity of the conduct;
- Whether the conduct unreasonably interfered with the employee's work performance.

Sporadic or occasional use of abusive language, gender related jokes, or occasional teasing does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment can violate Title VII and the FEPA. The effect on the plaintiff's mental and emotional well being, while relevant to a determination of whether she actually found the workplace environment to be hostile or abusive, is not determinative. For hostility to be pervasive, incidents of harassment must be more than merely episodic; they must be sufficiently continuous and concerted. Where there is a lack of pervasiveness, the allegations of sexual harassment must be extraordinarily severe for a plaintiff to prove a hostile work environment.

In this case, plaintiffs did not all work for defendants at precisely the same time. Although evidence of harassment directed at co-workers can be relevant to an employee's own claim of hostile work environment discrimination, such alleged harassment of other women must be shown to have adversely affected the terms and conditions of each individual plaintiff's employment. A plaintiff who was not herself a target of the alleged harassment, was not present when the harassment supposedly occurred, and did not even know of the harassment while it was ongoing cannot prove that an environment existed at work that was hostile to her because of her sex.

3

If a plaintiff failed to prove by a preponderance of the evidence that the complained of conduct created an abusive or hostile environment, then you must enter a verdict for defendants Pitney Bowes Inc. and Imagistics International Inc. as to that plaintiff's claim. If, however, you find by a preponderance of the evidence that the complained of conduct created an abusive or hostile environment, you must then determine whether the alleged harassment was gender-based; in other words that Mr. Simpson was hostile and abusive toward plaintiffs because they are women.

Therefore, in addition to proving they were subjected to harassment of such severity or pervasiveness as to create a hostile work environment, plaintiffs also bear the burden of demonstrating by a preponderance of the evidence that the complained of conduct occurred "because of" their gender. That is, plaintiffs must demonstrate that the conduct resulted from disdain for them as women, and not merely personality conflicts or the like. A working environment may be harsh or abusive without violating the law. To prevail on their claims, plaintiffs must prove that the harsh or abusive treatment of which they complain was directed at them because they are women.

Only if you find that plaintiffs have proven by a preponderance of the evidence that the complained of conduct was sufficiently severe or pervasive as to create a hostile work environment *and* occurred because of plaintiffs' gender, should you enter a verdict for plaintiffs, or any of them.

If, on the other hand, you find that plaintiffs have failed to demonstrate by a preponderance of the evidence that (1) they were forced to endure a hostile work environment, *and* (2) the environment was rendered hostile by virtue of gender-based discrimination, then you must enter a verdict for defendants.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.40 (5th ed. 2001); Faragher v. City of Boca Raton, 524 U.S. 775, 788 118 S. Ct. 2275, 141 L. Ed. 2d 633 (1998); Harris v. Forklift System, Inc., 510 U.S. 17, 21-23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993); Fairbrother v. Morrison, __ F.3d __, 2005 WL 1389894, at *6 (2d Cir. June 14, 2005); Dawson v. Bumble & Bumble, 398 F.3d 211, 223 (2d Cir. 2005); Petrosino v. Bell Atlantic, 385 F.3d 210, 220-21 (2d Cir. 2004); Mormol v. Costco Wholesale Corp., 364 F.3d 54, 58 (2d Cir. 2004); Mack v. Otis Elevator Co., 326 F.3d 116, 122 (2d Cir. 2003); Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002); Leibovitz v. New York City Transit Authority, 252 F.3d 179, 189-90 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759 (2d Cir. 1998); Presley v. Pepperidge Farm, Inc., 356 F. Supp. 2d 109, 120-21 (D. Conn. 2005)(Covello, J.); Anderson v. England, 359 F. Supp. 2d 213, 215-17 (D. Conn. 2005); Jackson v. Health Resources of Rockville, Inc., 357 F. Supp. 2d 507, 519-20 (D. Conn. 2005); Antonopoulos v. Zitnay, 360 F. Supp. 2d 420, 426-27 (D. Conn. 2005).

## SEXUAL HARASSMENT – AFFIRMATIVE DEFENSE

Even if you find that plaintiffs, or any of them, have met their burden of proving the existence of a sexually hostile work environment within the meaning of the law, they are not necessarily entitled to prevail on their claim of sexual harassment. You may award plaintiffs damages under Title VII and the FEPA for a sexually hostile work environment upon proof by a preponderance of the evidence that the alleged harassment by Mr. Simpson culminated in a tangible employment action.

A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. Tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment decision requires an official act of the enterprise, a company act. The decision in most cases is documented in official company records and may be subject to review by higher level supervisors. A tangible employment action in most cases in most cases inflicts direct economic harm, but there is no requirement that it must always do so.

If you find that plaintiffs, or any of them, were subjected to a sexually hostile work environment *not* resulting in a tangible employment action, such plaintiff is still entitled to recover damages under Title VII and the FEPA *unless* defendants prove by a preponderance of the evidence that (a) they exercised reasonable care to prevent and correct any sexually harassing behavior; and (b) plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendants, or to avoid harm otherwise.

Although an employer must, in order to prevail on this defense, demonstrate that it exercised reasonable care to prevent and correct sexually harassing behavior, it need not show

that it was successful in preventing sexual harassment. The first element of the defense is proven upon a showing that defendants maintained an anti-harassment policy providing an avenue for registering complaints, that plaintiffs were aware of this policy, and that the policy was enforced by defendants. If you then find that plaintiffs failed to take advantage of this policy, then you must enter a verdict for defendants.

In assessing whether plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities made available to them, you must consider the nature of any complaints they registered. Even if plaintiffs complained about Mr. Simpson, defendants can still prevail on their defense by showing that a reasonable employer would not have construed any such complaints as alleging gender-based harassment or discrimination.

---

5 L. Sand, *et. al.*, Modern Federal Jury Instructions § 88-60 (2003); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.74 (5th ed. 2001); Pennsylvania State Police v. Suders, 124 S. Ct. 2342, 2354-55 (2004); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 762-63, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2257, 141 L. Ed. 2d 662 (1998); Fairbrother v. Morrison, __ F.3d __, 2005 WL 1389894, at *7 (2d Cir. June 14, 2005); Mormol v. Costco Wholesale Corp., 364 F.3d 54, 57-58 (2d Cir. 2004); Mack v. Otis Elevator Co., 326 F.3d 116, 125 (2d Cir. 2003); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 295 (2d Cir. 1999); Presley v. Pepperidge Farm, Inc., 356 F. Supp. 2d 109, 124 (D. Conn. 2005)(Covello, J.); Lupacchino v. ADP, Inc., 2005 WL 293508, at *5 (D. Conn. Jan. 21, 2005).

## NEGLIGENT SUPERVISION – ELEMENTS OF PROOF

Plaintiffs also claim that defendants were negligent in their supervision of Mr. Simpson, and that this negligence caused plaintiffs to suffer damages. Generally, "negligence" is the failure to use reasonable care. Reasonable care in this case is that degree of care which a reasonable employer would use under similar circumstances.

Negligence may consist either of doing something that a reasonably careful employer would not do under the circumstances, or in failing to do something that a reasonably careful employer would do under the circumstances. An employer does not owe a duty of care to protect an employee from another employee's tortious acts unless the employer knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct.

To establish a claim for negligent supervision, therefore, a plaintiff must prove injury by the defendant's own negligence in failing to properly supervise an employee who the defendant knew or should have known would cause the injury. In the context of a sexual harassment claim, an employer may be negligent where it provides no reasonable avenue for employees to register complaints about alleged harassment, or knew of the alleged harassment but did not act to stop it.

For plaintiffs to prevail on their claim of negligent supervision, they must demonstrate by a preponderance of the evidence either that they did not have an avenue through which they could press their complaints about Mr. Simpson, or that defendants were aware of the alleged harassment yet failed to take reasonable measures to remedy the situation. Plaintiffs must also show by a preponderance of the evidence that the alleged negligence directly produced or contributed to any losses they sustained so that it may reasonably be said that without the negligence, plaintiffs would not have been harmed.

To defeat this claim of negligence, defendants are not required to show they actually succeeded in stopping the complained of conduct. Rather, it is plaintiffs' burden to prove that defendants failed to take reasonable steps to prevent and/or correct any sexually harassing behavior of which defendants were aware or reasonably should have been aware. If you find that defendants were either unaware of the alleged harassment, or took reasonable care to prevent or correct any sexual harassment in the workplace, you must find for defendants on plaintiffs' negligent supervision claim.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 120.03 (5th ed. 2001); Higgins v. Metro North Railroad Co., 318 F.3d 422, 427 (2d Cir. 2003); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 72 (2d Cir. 2000); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 295 (2d Cir. 1999); Burford v. McDonald's Corp., 321 F. Supp. 2d 358, 366-67 (D. Conn. 2004); Abate v. Circuit-Wise, Inc., 130 F. Supp. 2d 341, 344 (D. Conn. 2001); Brunson v. Bayer Corp., 237 F. Supp. 2d 192, 209 (D. Conn. 2002); Stokes v. Lyddy, 75 Conn. App. 252, 257, 815 A.2d 263, 266 (2003); Baptiste v. Val-U Supermarket, Inc., 262 Conn. 135, 139, 811 A.2d 687, 691 (2002); Zides v. Quinnipiac University, 2003 WL 23112754, at *3 (Conn. Super. Dec. 15, 2003); Hansen v. Mohegan Fire Co., Inc., 2003 WL 196293, at *2 (Conn. Super. April 7, 2003).

## COMPENSATORY DAMAGES

If you find that plaintiffs, or any of them, have proven by a preponderance of the evidence that they were subjected to unlawful sexual harassment in violation of Title VII, or that defendants were negligent in their supervision of Mr. Simpson, then you must determine an amount that is fair compensation for plaintiffs' damages.

You may award compensatory damages only for injuries that plaintiffs prove were caused by defendants' allegedly wrongful conduct. A mere finding that a plaintiff experienced a deprivation of her rights under Title VII does not in and of itself justify the award of compensatory damages; a plaintiff must establish that she suffered an actual injury as a consequence of the Title VII violation or defendants' alleged negligent supervision of Mr. Simpson.

You may award damages for any pain, suffering or mental anguish that plaintiffs experienced as a consequence of defendants' alleged unlawful conduct. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial. You should take into account the duration of a plaintiff's condition, its severity or consequences, any physical manifestations, and any medical treatment.

The damages that you award must be fair compensation – no more and no less. The damage award must be supported by competent evidence concerning the injury. A plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of compensatory damages for emotional distress. Rather, the plaintiff's testimony of emotional

injury must be substantiated by other evidence such as the testimony of witnesses to the distress or the objective circumstances of the violation itself.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The appropriate amount of compensatory damages turns on the unique facts of each individual plaintiff's case. You should take into consideration such factors as the duration, severity, consequences and physical manifestations of the mental anguish. Although a plaintiff need not submit corroborating evidence to establish compensable emotional distress damages, she must demonstrate that as a consequence of defendants' alleged conduct she suffered concrete emotional problems.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.90 (5th ed. 2001); Meachem v. Knolls Atomic Power Laboratory, 381 F.3d 56, 78 (2d Cir. 2004); Patrolmen's Benevolent Ass'n of the City of New York v. The City of New York, 310 F.3d 43, 55-56 (2d Cir. 2002); Annis v. County of Westchester, 136 F.3d 239, 249 (2d Cir. 1998); EEOC v. Yellow Freight System, Inc., 2002 WL 31011859, at *33-34 (N.D.N.Y. Sept. 9, 2002); Del-Valle v. National Basketball Ass'n, 42 F. Supp. 2d 334, 341 (S.D.N.Y. 1999).

**PUNITIVE DAMAGES**

Plaintiffs also seek to recover punitive damages in addition to compensatory damages. Punitive damages under Title VII are limited to cases in which the employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to the plaintiffs' federally protected rights.

Malice and reckless indifference refer to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination. A positive element of conscious wrongdoing is required for an award of punitive damages. In other words, malice or recklessness exists if a plaintiff proves an employer discriminated in the face of a perceived risk that its actions would violate federal law.

The issue is not whether Mr. Simpson acted inappropriately or in a malicious fashion. An employer may not be vicariously liable for the discriminatory employment actions of managerial employees where those actions are contrary to the employer's good faith efforts to comply with Title VII. Such a good faith attempt at compliance will exist where the employer maintains an anti-discrimination policy prohibiting sexual harassment and undertakes to enforce that policy.

An award of punitive damages would only be appropriate here if you find for the plaintiffs, or any of them, and then further find by a preponderance of the evidence that defendants failed to attempt compliance with the law by adopting, and enforcing, policies and procedures designed to prohibit discrimination and harassment in the workplace.

If you find defendants violated Title VII and acted in a malicious or reckless fashion, then you may, but are not required to, award plaintiffs an additional amount as punitive damages. Whether to award plaintiffs punitive damages, and the amount of those damages, are within your discretion.

---

5 L. Sand, *et. al.*, Modern Federal Jury Instructions § 88-72 (2003); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.94 (5th ed. 2001); Kolstad v. American Dental Ass'n, 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); Farias v. Instructional Systems, Inc., 259 F.3d 91, 101-02 (2d Cir. 2001); Cush-Crawford v. Adchem Corp., 271 F.3d 352, 356 (2d Cir. 2001); Chavez v. Thomas & Betts Corp., 396 F.3d 1088, 1098-99 (10th Cir. 2005); Lawrence v. CNF Transportation, Inc., 340 F.3d 486, 495-96 (8th Cir. 2003); Ocheltree v. Scallon Productions, Inc., 335 F.3d 325, 335-36 (4th Cir. 2003); Bryant v. Aiken Regional Medical Centers Inc., 333 F.3d 536, 548-49 (4th Cir. 2003).

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Modified Request to Charge was served by first-class U.S. mail, postage prepaid, on this 20th day of June, 2005, on:

>William B. Barnes, Esq.
>Rosenstein & Barnes
>1100 Kings Hwy. East
>Fairfield, CT  06432

_____
Lawrence Peikes

\15058\410\101861.1